UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 08-4557 DSF (AGRx) | Date | 8/19/08 |
|---|---|---|---|
| Title | Red, White & Crue, Inc., et al. v. Burt Stein, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) **SECOND ORDER TO SHOW CAUSE RE REMAND TO STATE COURT**

  Plaintiffs filed this action in the Superior Court of California for the County of Los Angeles on June 11, 2008. On July 11, 2008, Defendants removed the action to this Court. On July 22, 2008, this Court issued an Order to Show Cause Re Remand to State Court ("OSC"). The OSC stated that Defendants' Notice of Removal did not meet the standard the Ninth Circuit articulated in Indus. Tectonics v. Aero Alloy, 912 F.2d 1090 (9th Cir. 1990), when alleging the parties' principal places of business. The OSC further stated that the amount of damages Plaintiffs seek is unclear from the Complaint, and therefore Defendants bear the burden of proving facts to support a finding that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). The OSC also noted that the removing Defendants apparently had not filed a copy of the Notice of Removal ("Removal") with the Clerk of the state court.

  Defendants have again failed to meet the Industrial Tectonics "total activities" standard in their August 5, 2008 Memorandum in Further Support of Defendants' Notice of Removal Pursuant to 28 U.S.C. § 1441 ("Memorandum"). Defendants allege that Plaintiffs are corporations incorporated in California, and that Plaintiffs have their principal places of business in California. (Mem. ¶¶ 6(I)-(ii) (citing Compl. ¶¶ 5-6).) These bald assertions are insufficient to establish Plaintiffs' principal places of business.

  As this Court already instructed, Defendants must apply the "total activities" test to establish a corporation's principal place of business. This test takes into account all aspects of the corporation's business, including where its operations are located, where it supervises that business, and where it employs persons and conducts its business. 912

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

F.2d at 1094.  This entails (1) determining the location of the majority of the corporation's (a) employees, (b) tangible property, and (c) production activities, and (2) ascertaining where most of the its (a) income is earned, (b) purchases are made, and (c) sales take place.  Id.  The alternate "nerve center" test may only be applied if Defendants establish pursuant to the foregoing factors that no state contains a substantial predominance of the corporation's business activities.  Id.  Under this test, a corporation's principal place of business is where its executive and administrative functions are performed.  Id. at 1092.

With respect to Defendants B Entertainment, Inc. ("B") and Gold Mountain Entertainment Nashville, Inc.'s ("Gold Mountain") principal places of business, Defendants have addressed the "total activities" and "nerve center" factors to establish that B and Gold Mountain's principal places of business are not in California.  (Mem. ¶¶ 6(iv)-(v).)  This is sufficient under Industrial Tectonics.  912 F.2d at 1092 (Defendant "can establish federal diversity jurisdiction by proving that California is not its principal place of business.")  The Court is satisfied that Defendants have submitted sufficient evidence to establish their diversity of citizenship from Plaintiffs so long as they can establish Plaintiffs' principal places of business are in California in accordance with Industrial Tectonics.

Defendants establish that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, under the preponderance of the evidence standard articulated in Sanchez.  Defendants point to evidence that the money due Defendants pursuant to the August 7, 2007 Agreement upon which Plaintiffs purportedly, in large part, base their breach of contract claim, is in excess of $250,000.  (Supplemental Decl. of Burt Stein in Supp. of Notice of Removal ¶ 6.)  Plaintiffs request the Court issue a declaratory judgment that they owe nothing under the Agreement.  (Compl. ¶ 35.)  Where Plaintiffs seek a determination of liability under a contract, the potential liability is the "amount in controversy."  Hunt v. Wash. State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977).  This potential liability exceeds the sum of $75,000, exclusive of interest and costs.

Finally, Defendants note that they have filed a copy of the Removal with the Clerk of the state court.  The Court is satisfied that Defendants have cured this procedural defect in their Removal motion.

Accordingly, the Court orders defendants to show cause in writing no later than September 23, 2008 why this action should not be remanded for the reasons noted above.  If defendants require additional discovery to establish the citizenship of one or more plaintiffs or other defendants, defendants may request additional time to engage in jurisdictional discovery, provided that such a request is made on or before the above deadline.  Plaintiffs may submit a response in the same time period.  The parties are reminded that courtesy copies are to be delivered to Chambers.  Failure of defendants to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

respond by the above date may result in the Court **remanding** this action to state court.


The Court further orders the Court Clerk promptly to serve this order on both parties.


Deputy Clerk: dp