MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED, WHITE & CRUE, INC., California corporation; and MOTLEY CRUE, INC., a California corporation<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BURT STEIN, an individual; B ENTERTAINMENT, INC., a corporation; GOLD MOUNTAIN ENTERTAINMENT, INC., a corporation; and DOES 1 through 10, inclusive<br><br>　　　　Defendants. | **CASE NO. CV 08-04557 DSF (AGRx)**<br><br>[Assigned to the Honorable Dale S. Fischer]<br><br>**STIPULATED PROTECTIVE ORDER** |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

31709.1

Plaintiffs Red, White & Crue, Inc. and Motley Crue, Inc. ("Plaintiffs"), through their counsel of record, and Defendants Burt Stein, B Entertainment, Inc., and Gold Mountain Entertainment ("Defendants"), through their counsel of record (Plaintiffs and Defendants are sometimes referred to herein individually as "party" and collectively as the "named parties"), hereby stipulate to the following protective order subject to approval by the Court:

1. This Stipulated Protective Order (the "Protective Order") shall govern the use, handling, and disclosure of all documents, testimony, or information produced or otherwise disclosed ("Produced") in the above-captioned action (the "Action") that is designated by the producing party as "Confidential" (as defined in ¶ 3 below) ("Confidential Information"). The Court hereby enters the following Protective Order governing the designation and treatment of Confidential Information, as agreed upon by all the parties to this Action. Confidential Information that is utilized at trial will not be filed under seal and shall become public record, absent the filing of a written motion and sufficient cause shown that results in a subsequent order from this Court permitting the document or Confidential Information to be placed under seal.

2. "Confidential Information" means any documents, testimony, or information that the producing party properly designates as "Confidential" under the Federal Rules of Civil Procedure and Ninth Circuit law. All such designations shall be made in good faith and for a legitimate purpose under this Protective Order pursuant to Fed. R. Civ. P. 26(c)(1).

3. A producing party shall designate a document or information, or a portion of a document or information, as "Confidential" only if it has good faith belief that the designated portion of the document or information constitutes private personal information, trade secrets, confidential commercial, financial, research, development, technology, business planning, or other proprietary information.

1  4. A producing party shall designate Confidential Information in the
2  following manner.
3  a. At the time of Production, a document containing Confidential
4  Information shall be so designated by marking each page
5  containing Confidential Information with the legend
6  "CONFIDENTIAL" and the producing party shall
7  contemporaneously notify the recipient in writing which portions
8  (designated by document control number) of the Produced
9  document or information has been so designated.
10 b. Any response to an interrogatory or request for admission that
11 contains Confidential Information shall be so designated by
12 imprinting or affixing "CONFIDENTIAL" next to or above the
13 response.
14 c. Any of the parties may designate as containing Confidential
15 Information any testimony at a deposition or hearing, transcript
16 pages, or exhibits that contain Confidential Information by stating
17 either designation on the record at the deposition or hearing, and
18 by written notice to counsel for the opposing parties no later than
19 fifteen (15) days after the receipt of the transcript of the deposition
20 or hearing.
21 d. Any of the parties may designate as containing Confidential
22 Information testimony that is not transcribed by written notice to
23 counsel for the opposing parties no later than thirty (30) days after
24 the testimony is given. Regardless of whether any of the parties
25 designates as containing Confidential Information testimony that
26 is not transcribes, all testimony that is not transcribed shall be
27 treated as Confidential Information until fifteen (15) days after the
28 testimony is given.

5. A non-party witness may designate any document it in good faith believes contains Confidential Information as "Confidential" pursuant to the terms of this Protective Order by stamping it with such designation as detailed in Paragraphs 3 and 4 of this Protective Order.

6. Documents, testimony, or information obtained through discovery in this Action, including but not limited to Confidential Information, may be used or disclosed solely for the prosecution or defense of this Action, and any related action involving any of the parties to this Action, including such action in the Middle District of Tennessee.

7. A receiving party may disclose materials designated as "Confidential" only to:

    a. A party, director or officer of a party to this Action or party to an action set forth in Section 6, or counsel to such person or party;

    b. Counsel of record for the parties or agents of such counsel, including para-professionals and administrative staff;

    c. Independent experts and consultants who are providing advice in connection with the litigation or trial preparation of trial of this litigation or action set forth in Section 6;

    d. A non-party witness at any deposition, hearing or trial in this Action or action set forth in Section 6 or action set forth in Section 6;

    e. A court reporter recording testimony at a deposition in this action or action set forth in Section 6;

    f. The court and its employees whose duties require access to the Confidential Information and jurors in this case or action set forth in Section 6;

    g. Any mediator or settlement master appointed by the Court or agreed to by the parties or action set forth in Section 6; or

       h.    Any other persons only upon further express order of the Court or written consent of the producing party.

8.    Inadvertent failure to designate documents or other materials as Confidential Information at the time of production shall not waive a party's right to later make such a designation.  However, no party shall be deemed to have violated this Order, if, prior to notification of any later designation, such document or material has been disclosed or used in a manner inconsistent with such later designation.  Once such a designation has been made, however, the relevant documents or materials shall be treated as confidential in accordance with this Order.

9.    The terms of this Protective Order apply to any Confidential Information produced before or after it is entered, and the terms of this Protective Order shall be binding upon the parties to this Action and their counsel.

10.    All parties and their attorneys shall take all necessary and proper steps to preserve the confidentially of all Confidential Information.  The designated material shall not be disclosed to anyone other than in connection with the above-captioned action or as set forth in Section 6, and shall not be disclosed by the recipient to anyone other than those persons designated in paragraph 7.  If material so designated is disclosed to any person other than in the manner authorized in this Order, the party responsible for the disclosure will immediately upon learning of such disclosure inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such materials.

11.    Before any disclosure of Confidential Information to any individual or entity other than those individuals identified in Section 7, that individual or entity will be given a copy of this Protective Order and shall acknowledge in writing, in the form of the "Declaration and Undertaking" attached as Exhibit A hereto, that: he or she has received a copy of this Protective Order, has reviewed it and understands it, and will comply with its terms in all respects.  The named counsel of record who have secured

1   such a Declaration and Undertaking from any individual or entity shall maintain it in
2   his/her files until the conclusion of this action, including any appeals.  Absent the
3   counsel of record's consent, a Declaration and Undertaking may be discovered only
4   by order of the Court for good cause shown, on written notice to the Court.

5         12.   In no event shall Confidential Information be left in the possession of a
6   witness who is not set forth in Section 7.  To the extent a witness testifies regarding
7   such documents, counsel may direct that any exhibits to the deposition transcript
8   designated as Confidential be excluded from the copy of the deposition transcript
9   provided to the deponent.

10         13.   The inadvertent, unintentional, or in camera disclosure or production of
11   designated and undesignated documents and information contained therein shall not
12   be deemed a waiver, in whole or in part, of any party's claims of privilege, provided
13   that the producing party, within a reasonable time, notifies the receiving party of its
14   claim of privilege.  After being notified, a party must promptly return, sequester, or
15   destroy the specified information and any copies.  The producing party must comply
16   with Rule 26(b)(5) with regard to the information and preserve it pending a ruling by
17   the Court.

18         14.   Pursuant to the Court's Standing Order of July 15, 2008, (Dkt. No. 5, ¶
19   5), Confidential Information filed with the Court need not be filed under seal and
20   shall not be filed under seal unless and except as provided for herein.  This Protective
21   Order does not alone justify the filing of pleadings or other documents under seal, in
22   whole or in part.  An application to file documents under seal must meet the
23   requirements of Local Rule 79-5.  Documents that are not confidential or privileged
24   in their entirety should not be filed under seal if the confidential portions can be
25   redacted and filed separately with a reasonable amount of effort.  The submitting
26   party should file both a complete version of the pleadings and documents under seal,
27   and a redacted version for public viewing, omitting only such portions as the Court
28   has ordered may be filed under seal.

5
[PROPOSED] STIPULATED PROTECTIVE ORDER
30804.1

1  There is a strong presumption of access in civil cases. For each document or other type of information sought to be filed under seal, the party seeking protection must identify and discuss the factual or legal justification for the Court to find "good cause" or "compelling reasons," as appropriate, that such document or type of information should be protected.

15. Nothing in this Protective Order shall be construed to prevent a party to this Action from opposing the designation of materials to be delivered as "Confidential." A party opposing the designation of materials to be delivered as "Confidential" shall serve as a written objection, including a statement of the ground for objection, on the producing party. The producing party will have ten (10) days following the receipt of the objection to withdraw its "Confidential" designation. If the "Confidential" designation is not withdrawn, the objecting party may move the Court for an order removing the designation. The party claiming confidentiality shall bear the burden of establishing that the material in question in fact warrants protection under the terms of this Protective Order. Until an objection has been resolved by agreement of counsel or, in the event a motion has been filed as prescribed above, by order of the Court, the designated material shall be treated as Confidential Information and used only in accordance with the limitations set forth in this Order.

16. If at any time any Confidential Information is requested by any court, administrative agency, legislative body or other person or entity through subpoena or other compulsory process, the person receiving such subpoena or compulsory process (the "Receiving Party") shall give written notice to counsel for the designating party that such a request has been received, and which notice shall include the date of any proposed disclosure of such Confidential Information and such other information necessary to permit the designating party to intervene and oppose the disclosure of Confidential Information in response to that request. It shall be the obligation of the designating party to obtain a court order to preclude or restrict production of any

Confidential Information requested pursuant to a subpoena or other compulsory process.

17. No party shall argue, question, or imply in any way, before a jury or other trier of fact, that the designation of any Confidential Information as Confidential under this Protective Order is improper or suspicious or that any adverse inferences may be drawn from such designation.

18. No later than 60 days following the conclusion of all proceedings in this litigation, including but not limited to any appeals, all Confidential Information received by any party, regardless of the form in which the information has been stored, recorded, or preserved, shall, upon written request by the producing party, be either returned to the producing party or destroyed under the supervision of counsel of record for the recipient, with a certificate of destruction furnished to counsel for the producing party, provided that counsel of record retain for its files, subject to the continuing strictures of this Protective Order, copies of pleadings, affidavits, briefs, and memoranda filed in this proceeding, transcripts of all depositions (with exhibits) taken, and all of its own work product generated in connection with this action.

19. This Protective Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties and persons subject to this Protective Order for the purpose of enforcing the provisions of this Protective Order and to enter such orders as may be necessary to compel compliance and impose sanctions for any violation. This Protective order is without prejudice to and does not impair the ability or rights of any party to move for the lifting or modification of this Protective Order.

///
///
///
///
///

7
[PROPOSED] STIPULATED PROTECTIVE ORDER

30804.1

| | | |
|---|---|---|
| 1 | Dated: November __, 2008 | MILLER BARONDESS, LLP |
| 2 | | |
| 3 | | By:_____ |
| 4 | | Louis R. Miller<br>A. Sasha Frid |
| 5 | | Ryan P. Connolly<br>1999 Avenue of the Stars, 10th Floor<br>Los Angeles, CA 90067 |
| 6 | | Tel.: (310) 552-4400<br>Fax: (310) 552-8400 |
| 7 | | |
| 8 | | Attorneys for Plaintiffs<br>Red, White & Crue, Inc. & Motley Crue, Inc. |
| 9 | Dated: November __, 2008 | BOULT, CUMMINGS, CONNERS &<br>BERRY, PLC |
| 10 | | |
| 11 | | By:_____ |
| 12 | | Samuel D. Lipshie (TN Bar No. 9538)<br>Colin J. Carnahan (TN Bar No. 18579) |
| 13 | | 1600 Division Street, Suite 700<br>P.O. Box 340025 |
| 14 | | Nashville, Tennessee 37203<br>(615) 252-2340 |
| 15 | | |
| 16 | | LAW OFFICES OF HENRY N. JANNOL |
| 17 | | Henry N. Jannol<br>Paul H. Levine |
| 18 | | 10305 Santa Monica Blvd., Ste. 350<br>Tel.: (310) 552-7500 |
| 19 | | Fax: (310) 552-7552 |
| 20 | | |
| 21 | | Attorneys for Defendants<br>Burt Stein, B Entertainment, Inc. & Gold<br>Mountain Entertainment, Inc. |
| 22 | | |
| 23 | It is so ordered. | *alicia G. Rosenberg* |
| 24 | | |
| 25 | Dated: December 3, 2008 | _____ |
| 26 | | The Honorable Alicia G. Rosenberg |
| 27 | | |
| 28 | | |

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RED, WHITE & CRUE, INC., et al., | CASE NO. CV 08-04557 DSF (AGRx) |
| Plaintiffs, | |
| v. | |
| BURT STEIN, et al., | |
| Defendants. | |

DECLARATION AND UNDERTAKING

I hereby acknowledge that I will be receiving Confidential Information pursuant to the terms of the Stipulated Protective Order entered in the above-referenced Action. I have been given a copy of and have read and understand the Stipulated Protective Order, and I agree to be bound by the terms and conditions of the Stipulated Protective Order with respect to the Confidential Information I will be receiving. I agree that I will not make copies of any Confidential Information, and I will not disseminate or publicize any document, transcript or information, or any information derived from or contained in such Confidential Information.

I further understand that the Court has ordered that the documents marked "Confidential" must be kept confidential.

1

2       If you have any questions regarding the Court's order or this notice, you are

3 advised to consult with legal counsel.

4

5 Executed this ____ day of _____, _____

6

7 _____

  Signature

8

9

10 _____

  Printed Name

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400